Ong, Hiller Co., Ltd., vs. Fidelity & Deposit Co. of Maryland, et als.

No. 12,880.

ONG, HILLER COMPANY, LIMITED, VS. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ET ALS.

SYLLABUS.

This court being without jurisdiction, the appeal is dismissed.

ON APPEAL from the Civil District Court for the Parish of Orleans.  *Ellis, J.*

*Saunders & Miller* for Plaintiffs and Appellees.

*P. M. Milner* for the Surety Co., Defendant, Appellant.

*J. Zach. Spearing* for the Mutual Building and Homestead Association, Defendant and Appellant.

*Edwin T. Merrick* as *amicus curiae.*

Argued and submitted April 4, 1899.
Opinion handed down April 17, 1899.
Rehearing refused, reasons assigned, May 29, 1899.

The opinion of the court was delivered by

BREAUX, J.    Plaintiff sued the defendants for building materials sold to builders for use in the construction of a building for the Mutual Building and Homestead Association.

Defendant, the Mutual Building and Homestead Association, answering, admits that it entered into a contract with Anderson and Allen, under which they undertook to construct and erect a building for it; that plaintiff served an attested account upon it. Defendant denied that it owed anything to plaintiff, and that plaintiff had any privilege on its building; that it had paid the builders, Anderson and Allen, the full amount due them under the terms of the contract; that to make it responsible for plaintiff's account or to give him a privilege on its account would be to impair the obligation of its contract with Anderson and Allen, and to make it liable for the debts of

a third person; that in so far as Act 180 of 1894 is invoked to hold it liable for the claim of plaintiff, the act is unconstitutional, for reasons stated by it, and, on the further ground, that the act relates to and embraces more than one object; that they are not expressed in its title; that the act is a local and special law, and that notice of the intention to apply therefor was not published in the locality as required by Article 48 of the Constitution; that the Fidelity and Deposit Company signed a contract of suretyship for Anderson and Allen, by which the latter are bound to plaintiff. Defendant, the Mutual Building & Homestead Association, called the Fidelity and Deposit Company in warranty. The latter filed an exception to the call in warranty on the grounds that defendant, the Fidelity Company, called in warranty, was already a party to the suit, being sued *in solido* with the Mutual Building and Homestead Association; and, moreover, had already been sued by the Mutual Building and Homestead Association in a different court of concurrent jurisdiction and for the same cause of action. This exception was overruled and the demand in warranty was not dismissed.

The Fidelity and Deposit Company then answered plaintiff's demand and pleaded the violation of the terms and conditions of the bond given in favor of the Mutual Building and Homestead Association.

The facts are: that plaintiff sold material to the firm of Anderson and Allen; that a balance of three hundred and sixty-four and 20-100 dollars is unpaid. This account was served on the owner and registered. The building was completed, and accepted, January 28th, 1896, and service was made on the surety, on the 28th day of April, 1896. The bond furnished by the contractors, in favor of the Mutual Building and Homestead Association, as security for the faithful performance of their contract, including the payment by them of their laborers, artificers employed by them, and the material men who furnished the materials used in the work, and the fee of attorney of the insured, was not recorded as required by statute 180 of 1894.

The contractor failed to pay the laborers and material men. Plaintiff, a furnisher of material to the contractor, used in the construction and erection of a building for the defendant, the Mutual Building and Homestead Association, sued the defendant, as before stated, claiming the price of materials; also the fee of attorney employed by the Mutual Building and Loan Association.

The judge of the District Court held that the Mutual Building and Homestead Association was not bound for the payment of plaintiff's claim, based as it was, exclusively, on the failure to record the contractor's bond according to Act 180 of 1894, but found that by the terms of the bond the Fidelity and Deposit Company, regardless of the Act 180 of 1894, was liable to the plaintiff for the amount proved. This did not include the fee of attorney.

From that judgment, the Mutual Building and Homestead Association, appeals and complains of the judgment being erroneous, in so far as it dismisses its claim for the fee of attorney.

The Fidelity and Deposit Company also appealed.

Plaintiff, on appeal, in the brief sets forth, that Act 180 of 1894, is constitutional, and, therefore, the judgment of the lower court should be amended by giving plaintiff judgment against the owner as well as against the surety; but that if the act be held unconstitutional, still the surety and the owner who executed the bond in order to comply with the statute, and who thereby induced the material man to sell his goods under the belief that he was protected by the statutory bond, are estopped as against the material man from contesting that he is secured by law.

We have already noted that the only amendment of judgment asked for by appellee (the Building Association) on appeal is an amendment in order that fifty dollars may be recovered by it (the Mutual Building and Homestead Association) against the Fidelity and Deposit Company called in warranty.

No constitutional question as to the fee of attorney is here involved. Defendant asks for a fee to be paid by warrantor. The latter denies its indebtedness on other issues. It involves a mere question of fact. The court being without jurisdiction as relates to this claim, the appeal of the Mutual Building and Homestead Association is dismissed.

Passing to the argument of plaintiff and appellee as contained in the brief, claiming that it is entitled to judgment against the Mutual Building and Homestead Association, as well as against the Fidelity and Deposit Company, it is not sustained by an answer to the appeal or any application whatever, in due form for the amendment of the judgment. This being the case no amendment of the judgment can be made, in so far as it is concerned.

This brought us to an examination of the grounds set forth by defendant, the Fidelity and Deposit Co., appellant.

After an examination of these grounds we concluded that, as relates to its pleadings, the Fidelity and Deposit Company is in the same situation in this case as it was in the case of the Central Manufacturing & Lumber Company, Limited, vs. Mutual Building and Homestead Association.

For reasons assigned in that case, this appeal here is dismissed.

## On Application for Rehearing.

Breaux, J.    Appellant applied for a revision or amendment of our decree that it may be made abundantly clear that the court did not pass upon the merits of the case, but dismissed the appeal for want of jurisdiction.

In this case we wrote a complete statement and immediately after arrived at the conclusion that this court was without jurisdiction of the question presented.

The statement of the case may perhaps on hasty reading, lead to the inference that there was some intention to pass upon the issues on the merits.    The following, copied from our opinion, shows, we think, that the inference, if reached, is unfounded.

"After an examination of these grounds, we concluded that, as relates to its pleadings, the Fidelity and Deposit Co. is in the same situation in this case as it was with the case of the Central Manufacturing & Lumber Co. vs. Mutual Building and Homestead Association."

That case was dismissed by this court for want of jurisdiction.

Our decree in the case here reads:

"For reasons assigned in this case, this appeal is dismissed."

The *syllabus* reads:

"This court being without jurisdiction, the appeal is dismissed."

We can only state now, that which we held before, that the appeal is dismissed for want of jurisdiction.

No part of the claim was considered on the merits, as the court considered that no part of the case came within its jurisdiction.

We therefore re-state:

That the case was dismissed because the court had no jurisdiction.

Rehearing refused.